## DILLEY v. NUSUM.

1. Pleading IN JUSTICE'S COURT: WARRANTY. In an action in a justice's court, the cause of action stated in the notice was "$40 damages in the sale of oxen:" *Held*, that evidence of a warranty made in the sale of oxen was admissible.

Dilley v. Nusum.

2. **New trial:** INSTRUCTIONS. The pertinency of instructions which are correct as abstract propositions of law will not be considered by the Supreme Court when the record does not embrace all the evidence submitted in the court below.

*Appeal from Delaware District Court.*

TUESDAY, OCTOBER 18.

THE facts are fully stated in the opinion of the court.

*Brayton & Wattson* for the appellants.

*F. E. Bissell* for the appellee.

LOWE, J.— The object of this suit is to recover $40 damages, which the plaintiff claims he sustained in the purchase of a yoke of oxen of the defendants. At the trial before the magistrate, and in the District Court (to which the cause was subsequently appealed), the plaintiff obtained a judgment on his claim for $35. In this court the defendants, who are the appellants, raise four questions upon the regularity of the proceedings below: *First,* It

1. PLEAD-INGS: in justice court: warranty.

appears that upon the head of one of the oxen, there was a swelling or lump, which the defendants, at the sale, warranted would not injure the same. There was evidence offered by the plaintiff tending to prove the warranty and damages resulting from said lump. To the introduction of this evidence objection was made, because, as the defendants insisted, the suit was not upon the warranty, nor was there any petition or other pleadings before the magistrate. The objection is not well taken. In this class of suits, before a justice of the peace, pleadings in writing are not required. It is sufficient that the notice which brings the party before the court, state the cause of action in general terms sufficient to apprise the defendant of the notice of the claim against him. § 3860 of the Revision. The substance of which was also

entered upon the justice docket. A technical setting forth of the cause of action is not demanded. For a breach of contract of warranty, damages are reasonable. When the plaintiff, therefore, stated in the notice his cause of action to be $40 damages in the sale of oxen, proof of a warranty would not be inconsistent therewith, and the court committed no error in letting in such evidence. *Second*, The court gave to the jury, at the request of the plaintiff, two

2. NEW TRIAL: instruction.

written instructions. To these, as abstract propositions of law, we see no objection. We do not state their substance, for the reason that whether they were proper or improper depends very much upon the character of the evidence that was introduced in the trial. This we have not before us, at least only a small portion of it, as the bill of exceptions itself shows. The only other error complained of, is the overruling of the motion for a new trial. But this was founded upon the objections already considered, and, therefore, properly overruled.

Affirmed.